Frederick Backer, J.
It appears from the report of the special guardian that the substitute committee, who is the son of the incompetent and of the deceased committee (his father) *303 is also the executor and trustee of the estate of said deceased committee. It further is presented that under the will of the deceased committee the incompetent receives one third of the estate of her deceased husband in trust nevertheless, and the trustee to pay the income thereof to her for her life, and, upon her death, the principal thereof to the substitute committee, who, as aforestated, is also the executor and trustee under the will. It is quite manifest, therefore, that his capacities as committee of the estate of the incompetent (his mother) and as executor and trustee of the estate of the deceased committee (his father), and his being the ultimate beneficiary of the residuary estate thereof, all present a conflict of interests. The special guardian further reports that the incompetent widow may be entitled to an election against the provisions of the will by reason of section 18 of the Decedent Estate Law and, moreover, no such election has been filed in her behalf by the substitute committee.
In the circumstances it appears best that a disinterested substitute committee be appointed to inquire into the right of election afforded by section 18 of the Decedent Estate Law and to protect the interests of the incompetent and her estate. In this view the designation of the son is hereby revoked and Francis N. Pecora, Esq., of 350 Broadway, New York City, is hereby appointed a substitute committee upon filing a bond in the sum of $2,000, and the written designation required by section 1358 of the Civil Practice Act. The outgoing committee is directed to turn over all moneys, property, income and assets of the incompetent, to the newly appointed committee, file his account as such substitute committee and judicially settle the same. The present special guardianship is continued for the purpose of examining said account and reporting thereon.
In examining the deceased committee’s account, as filed by the executor of his estate, the special guardian finds and reports that during the years 1951 to 1957 inclusive, said deceased committee collected the total sum of $2,460 on monthly disability insurance payments due the incompetent; that he used same for her support and maintenance instead of personally furnishing her with the hospital care, support and maintenance that he was obligated and required to furnish as the husband of the incompetent (Mental Hygiene Law, § 24); that by reason of same the special guardian recommends a surcharge against the estate of the deceased committee to the extent of said $2,460. Since there was no order of this court authorizing the disbursements by the deceased committee of these monthly disability benefits and there was no showing that he was unable to personally provide same, the special guardian’s recommendation has merit, *304 is approved, and the executor of the estate of the deceased committee is directed to pay the sum of $2,460 out of said estate to the newly substituted committee. Pending compliance with the aforestated, the judicial settlement of the deceased committee’s account and his discharge and the discharge of the outgoing committee are held in abeyance.
Settle order.